IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVGENY LUSHPIN,<br><br>Plaintiff,<br><br>v.<br><br>CHUZHOUQINTIANWUJINYOUXIANGONGSI, et al.,<br><br>Defendants. | Civil Action No. 25-cv-905<br><br>(Judge Wiegand) |

**PLAINTIFF'S RENEWED MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE ON CHINA BASED DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

Plaintiff Evgeny Lushpin filed this action against 199 Defendants, 197 of which have addresses in China and 2 of which have addresses in Vietnam. One hundred eighty-three of the Defendants who have addresses in China remain in the case. The Court entered an Alternative Service Order authorizing alternative service by website posting and email on each Defendant "unless Plaintiff has reason to believe that the Defendant resides in a country that has objected to Article 10 of the Hague Service Convention." [ECF No. 19] The Plaintiff has provided all defendants with copies of all papers in this action by email to the email address for each defendant provided by either Amazon or Temu, including the Summons, Complaint, Temporary Restraining Order, and Preliminary Injunction regardless of a Defendant's residence. *See* Certificate of Service [ECF No. 31] and Return of Summons [ECF No. 32]. The Plaintiff now renews his motion for alternative service for those Defendants with addresses in China.[1]

---

[1] Hong Kong has not objected to Article 10 of the Hague Convention, so service on the Hong Kong Defendants was authorized under the Court's previous Alternative Service Order.

## ARGUMENT

The Plaintiff is renewing her motion for alternative service because the Hague Convention does not apply since the Plaintiff has established that the addresses of the remaining China-based Defendants are not known and because the alternative service proposed by the Plaintiff does not involve transmitting documents internationally.

**1. The Hague Convention Does Not Apply Because the China-Based Defendants' Addresses are Unknown.**

The United States and the People's Republic of China are both signatories to the Hague Service Convention. (*See* Declaration of Stanley D. Ference III in Support of Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ["Ference Dec. in Support of Alternate Service"], ¶ 9 and Exhibit "1" thereto, Hague Service Convention and list of signatory Members [ECF Nos. 11 and 11-1].)[2] However, according to Article 1 of the Hague Service Convention, "[t]his convention shall not apply where the address of the person to be served with the document is not known." *Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *3 (S.D. Fla. April 29, 2010) (quoting Hague Service Convention, art. 1). *See also BP Products North America, Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006) (Hague Service Convention "shall not apply where the address of the person to be served with the document is not known"); *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (same).

In an effort to determine the address of each of the Defendants, the Plaintiff's counsel or people assisting the Plaintiff's counsel have input each available listed address for the

[2] Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("Motion for Alternate Service"), together with supporting declarations and exhibits [ECF Nos. 8-9], are incorporated herein by reference.

Defendants into Google Maps. Many of the listed addresses are incomplete. *See* Ference Dec. in Support of Renewed Alternate Service, ¶ 3 (attaching screenshots). Others are for locations where no business operates. *Id.* at ¶ 3. Finally, others point to different businesses apparently unconnected with the Defendant. *Id.* None of the addresses listed by the Defendants, however, returned a result consistent with the Defendant operating a business at that address. *Id.* at ¶ 3. These results are not surprising. Chinese counterfeiters like the Defendants routinely list false information on their seller pages. *Id.* at ¶ 4-5. Accordingly, the addresses of the Defendants are unknown, the provisions of the Hague Convention do not control, and alternative service is legally permitted to accomplish service on these Defendants.

**2. Since Plaintiff is not Proposing to Transmit Documents Overseas, the Hague Convention Does not Apply.**

Even if the Defendants' addresses were known, however, the Hague Convention would not apply since no overseas transmission of documents is required by the Plaintiff's proposed alternative service method. The provisions of the Hague Convention only apply when documents are transmitted overseas. Importantly, the Hague Convention does not broadly control all service upon foreign parties. Rather, it has a very precise and narrow scope, applying only "where there is occasion to transmit a judicial … document for service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699, 108 S. Ct. 2104, 100 L.Ed.2d 722 (1988). If the Court grants this motion, the Plaintiff will not be transmitting the summons or complaint to the Defendants in the countries where they reside. Thus, the Hague Convention is not implicated at all in this case.

In *Volkswagenwerk Aktiengesellschaft v. Schlunk*, Volkswagen's Germany-based parent company maintained that service on it fell under the Hague Convention, arguing that every case involving service on a foreign national requires the plaintiff to "transmit a judicial … document

for service abroad," thereby triggering the requirements of the Hague Convention. *Id*. at 707. In that case, the plaintiff served the German defendant by delivering the summons and complaint to an Illinois subsidiary of the defendant, as authorized by Illinois law. The defendant argued that this service was covered by the Hague Convention because the subsidiary was certain to transmit the summons and complaint to the parent corporation in Germany. The Supreme Court rejected this argument, holding that the Hague Convention did not apply because the plaintiff did not transmit judicial documents internationally. *Id.*

The same is true here. If the Court grants this motion, the Plaintiff will serve the Defendants without transmitting documents abroad either physically or electronically by sending Defendants emails *with links* to the summons, complaint, and the other documents filed in the case and by publication of those documents on a designated website hosted in the United States. Under both methods of service, ***the operative documents will be maintained on a server in the United States***.[3] In other words, the Plaintiff ***will not*** transmit the judicial documents internationally, and the Supreme Court has explicitly held that, without transmission internationally, the Hague Convention does not apply.

## CONCLUSION

Despite a diligent investigation, the Plaintiff has been unable to confirm the address of any of the remaining China-based Defendants, so the Hague Convention does not apply to the Plaintiff's service on them. Further, the Plaintiff proposes to serve the Defendants without transmitting any documents internationally, so the Hague Convention does not apply for that additional reason. Accordingly, the Plaintiff respectfully requests that the Court grant its renewed

---

[3] *See* **Exhibit 2** to the Ference Dec. in Support of Renewed Alternate Service filed herewith (Screenshot from ip-tracker.org showing results of search for ferencelawsuit.com showing the server hosting the website is located in the United States).

motion for alternative service. A proposed Order granting the requested relief is submitted herewith.

Respectfully submitted,

Dated: September 4, 2025

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 – Telephone
(412) 741-9292 – Facsimile

Attorneys for Plaintiff