IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVGENY LUSHPIN,<br><br>Plaintiff,<br><br>v.<br><br>CHUZHOUQINTIANWUJINYOUXIANGONGSI, *et al.*,<br><br>Defendants. | Civil Action No.<br><br>25-cv-905<br><br>(Judge Wiegand) |

**DECLARATION OF STANLEY D. FERENCE III IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS**

I, STANLEY D. FERENCE III, hereby declare as follows:

1. I am an attorney with the law firm of Ference & Associates LLC ("the Ference Firm"), located at 409 Broad Street, Pittsburgh, Pennsylvania 15143 and represent EVGENY LUSHPIN ("Plaintiff") in the above-referenced action. I make and submit this declaration in support of Plaintiff's Renewed Motion for Alternative Service of Process on the Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" of the Complaint (collectively "Defendants"). I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the following facts set forth below.

2. When becoming a signatory to the Hague Convention, China specifically lodged an objection to Article 10 a, which permits service of process through postal channels. Plaintiff has reviewed China's requirements for service through the Hague Convention and in a previous

case attempted to serve a defendant (as a test case) using that defendant's self-reported address and translations of the Complaint, Summons, and Exhibits, uploaded to the Chinese Central Authority, the Chinese Ministry of Justice Portal.("The Justice Portal"). That request for service was rejected based upon a Ministry of Justice reported error in the translation and data.

3. In an effort to determine the existence and legitimacy of each of the defendants' addresses, I or people assisting me have input each available listed address for the defendants into Google Maps. A true and correct copy of the screen shot of each search result is included in attached **Exhibit 1**. Many of the listed addresses are incomplete. Others are for locations where no business operates. Finally, other point to different businesses apparently unconnected with the Defendant. None of the addresses listed by the Defendants returned a result consistent with the defendant operating a business at that address. Indeed, for Def. Nos. 74,75, 80, 85, 87, 88, 90, 93-95, 109, 118, 123, 131, 136, 142, 143, 149-151, 153-156, 158-160, 162-164, 166, 169-171, 173, 174, 176-178, 186-187, 189, 191, 192, 194, and 195 a seller address is not available. Without complete addresses, Plaintiff does not believe that she will be able to satisfy the Justice Portal requirements for service of process.

4. I have been counsel in actions in which multiple defendants that have "stolen" the identity of another legitimate entity. In such a situation, the defendant has opened an account on an online marketplace and provided a Seller ID and address, but the entity whose name and address are listed has no knowledge of account on the online marketplace and did not make the infringing sales.

5. I am aware Amazon has partnered with various brands to bring lawsuits against counterfeiters in the Western District of Washington and other courts. In a number of these cases, Amazon has sought leave to take early discovery because Amazon itself does not know

the identity of the sellers on Amazon's online marketplace and cannot rely on the information listed on the defendant's Amazon storefront.

6. A true and correct copy of a screen shot from ip-tracker.org showing the location of Plaintiff's lawsuit website as being in the United States is attached hereto as **Exhibit 2**.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Pittsburgh, Pennsylvania
September 4, 2025

/s/Stanley D. Ference III
Stanley D. Ference III